# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION

**CASE NO.:**

PATRICIA FREIRE AND CHRISTIAN FREIRE,

                 Plaintiffs,

vs.

ALDRIDGE CONNORS, LLP,

                 Defendant.

_____/

## COMPLAINT

**COME NOW**, the Plaintiffs, PATRICIA FREIRE AND CHRISTIAN FREIRE, by and through undersigned counsel, and bring this action against the Defendant, ALDRIDGE CONNORS, LLP ("ALDRIDGE"), and as grounds thereof would allege as follows:

## JURISDICTION AND VENUE

1.      This is an action for actual and statutory damages brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA").

2.      These laws prevent debt collectors from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

3.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Plaintiffs reside in this district and this cause of action accrued within this district.

*FD-2079*

## PARTIES

5.      At all times material hereto, Defendant, ALDRIDGE was and is a limited liability company, incorporated under the laws of the State of Florida, duly licensed to transact business in the State of Florida, and has a principal address of Fifteen Piedmont Center, 3575 Piedmont Rd., NE, Ste. 500 Atlanta, GA 30305.

6.      At all times material hereto, ALDRIDGE regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

7.      Upon information and belief, the domain name https://aclawllp.com/ is registered and/or belongs to ALDRIDGE.

8.      ALDRIDGE's website states the following:

> The Firm primarily represents financial institutions including, banks, mortgage servicing concerns and institutional investors, in connection with mortgage defaults, restructurings, loss mitigation, home retention and other real estate related matters. Aldridge Connors' comprehensive mortgage default practice, includes, but is not limited to, residential and commercial foreclosure and eviction proceedings…

> Specifically, the Firm's attorneys have extensive experience in the following foreclosure related areas:

> - Payment Disputes
> - Confirmations and Deficiency Actions
> - Disposition of Excess Proceeds Resulting from a Foreclosure Action

9.      At all times material hereto, ALDRIDGE regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

10.     At all times material hereto, ALDRIDGE was acting as a debt collector with respect to the collection of Plaintiffs' alleged debt.

*FD-2079*

11.     At all times material hereto, the Plaintiffs, were and are natural persons, and are "consumers" as that term is defined by 15 USC 1692(a)(3), and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by violations of the Act.

12.     At all times material hereto, the alleged debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

## BACKGROUND AND GENERAL ALLEGATIONS

13.     Defendant sought to collect a debt from Plaintiffs arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a Promissory Note secured by a mortgage on Plaintiffs' primary residence.

14.     The alleged debt arises from Plaintiffs' ownership of the house which, when purchased, was their primary residence, and where they currently reside.

15.     Upon information and belief, ALDRIDGE was hired by BANK OF AMERICA N.A to collect on the alleged debt and was given specific information regarding the alleged debt in order to collect upon same.  Mellentine v. Ameriquest Mortg. Co., 2013 WL 560515 (6th Cir. 2013); Battle v. Gladstone Law Group, P.A., 2013 WL 3297552 (S.D. Fla. June 28, 2013).

16.     Upon information and belief, ALDRIDGE, regularly receives requests for payoff and reinstatement quotes from borrowers in foreclosure.

17.     Upon information and belief, ALDRIDGE, regularly responds to these requests using the mail and the responses regularly state that any checks from borrowers must be made payable to ALDRIDGE CONNORS, LLP.

18.     Upon information and belief, ALDRIDGE, has mailed hundreds of payoff and reinstatement quotes in the past year.

*FD-2079*

19.     Upon information and belief, ALDRIDGE, regularly prepares Final Judgments of Foreclosure in cases in which it serves as foreclosure counsel, which, in addition to enforcing a security instrument, also declare a judgment for a specified amount of money due in principal, interest and fees.

20.     Paragraph 3 of the Final Judgments of Foreclosure that ALDRIDGE regularly prepares in cases in which it serves as foreclosure counsel states in substantially the same language:

> If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to the judgment are not paid, the clerk of this court shall sell the property at public sale on …

21.     Upon information and belief, ALDRIDGE has filed hundreds if not thousands such lawsuits in this county alone, all seeking to collect personal judgments against individual homeowners. *See* Heintz v. Jenkins, 514 U.S, 291, 299 (1995)(The FDCPA can apply to the litigating acts of attorneys, if the attorney "regularly engage[s] in consumer-debt-collection activity, even when that activity consists of litigation.")

22.     In sum, Defendant sought to hold Plaintiffs personally liable for the alleged debt it sought to collect. *See* Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012); Birster v. American Home Mortgage Servicing, Inc., 481 Fed.Appx. 579, 582 (11th Cir. 2012).

23.     On or about September 21, 2012, Defendant caused to be served upon Plaintiffs a summons and complaint seeking to collect an alleged debt from Plaintiffs (the "Complaint").

24.     In the Complaint, Defendant sought to collect for its client the amount due on a promissory note allegedly signed by Plaintiffs.

*FD-2079*

25.     Upon information and belief, on the Civil Cover Sheet filed with the Complaint, an attorney for ALDRIDGE checked off the box indicating that ALDRIDGE was seeking monetary relief.

26.     In the "Wherefore" clause of the Complaint, Defendant stated:

> Plaintiff requests that the Court ascertain the amount due Plaintiff for principal and interest on the Note and Mortgage and for late charges, abstracting, taxes, expenses, and costs, including attorney's fees, plus interest thereon; that if the sums due Plaintiff under the Note and Mortgage are not paid immediately, the Court foreclose the Mortgage and the Clerk of the Court sell the Property securing the indebtedness to satisfy Plaintiff's mortgage lien in accordance with the provisions of Florida Statues §45.031 (2006) …

27.     A true and correct copy of the Complaint is attached hereto as Exhibit "A".

28.     Attached to the Complaint was a "Notice Required Under the Fair Debt Collection Practices Act" (the "Notice").

29.     The Notice, allegedly required under the § 1692g of the FDCPA, is in fact not required at all. This is because a complaint is not considered an "initial communication" for purposes of § 1692g(a). *See* 15 U.S.C. § 1692g(d).

30.     The Notice states in relevant part:

> 1.  *The amount of the debt is stated in the attached Complaint.*
>
> 2.  *The Plaintiff named in the attached summons and complaint is the creditor to whom the debt is owed.*
>
> 3.  *If the original creditor is different from the current creditor, the creditor's law firm will provide the debtor with the name and address of the original creditor if requested by the debtor within thirty (30) days of the receipt of this notice.*
>
> 4.  *The debt described in the attached complaint and evidenced by the attached promissory note and Mortgage will be assumed to be valid by the creditor's law firm, unless the debtor, within thirty*

*(30) days after the receipt of this notice, disputes, in*
*writing, the validity of the debt or some portion of it.*

31.     A copy of the Notice is attached hereto as Exhibit "B".

32.     The Notice states that it is an attempt to collect a debt.

33.     The Notice identified the creditor of Plaintiffs' alleged debt as: BANK OF

AMERICA, N.A. s/b/m to BAC HOME LOANS SERVICING, LP. ("BANA")

34.     Upon information and belief, BANA is not the creditor of the subject loan.

35.     'Creditor' is defined by the FDCPA and FCCPA as "any person who offers or

extends credit creating a debt or to whom a debt is owed, but such term does not include any

person to the extent that he receives an assignment or transfer of a debt in default solely for the

purpose of facilitating collection of such debt for another." *15 U.S.C § 1692a(4).*

36.     Upon information and belief, FEDERAL HOME LOAN MORTGAGE

CORPORATION (FREDDIE MAC) claims to be the person to whom the subject debt is owed.

37.     Additionally, Defendant's Notice incorrectly states the presumption of validity as

pronounced by section 1692g(a) of the FDCPA which states:

> (a) Within five days after the initial communication with a consumer in
> connection with the collection of any debt, a debt collector shall, unless
> the following information is contained in the initial communication or the
> consumer has paid the debt, send the consumer a written notice contain-
> ing—
> (1) The amount of the debt;
> (2) The name of the creditor to whom the debt is owed;
> (3) A statement that unless the consumer, within thirty days after receipt
> of the notice, disputes the validity of the debt, or any portion thereof, the
> debt will be assumed to be valid by the debt collector;
> (4) A statement that if the consumer notifies the debt collector in writing within
> the thirty-day period that the debt, or any portion thereof, is disputed, the debt
> collector will obtain verification of the debt or a copy of a judgment against the
> consumer and a copy of such verification or judgment will be mailed to the
> consumer by the debt collector; and

(5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
***

15 U.S.C. 1692(g)

38.     Defendant's Notice unnecessarily included with the Complaint, states the Plaintiff must dispute the debt **in writing** within thirty (30) days or the debt will be assumed valid by Defendant. *See* Baez v. Wagner & Hunt, P.A., 442 F. Supp. 2d 1273 (S.D. Fla. 2006); Hooks v. Forman, Holt, Eliades & Ravin, LLC, 2013 WL 2321409 (2nd Cir. May 29, 2013).

39.     The Complaint states that Plaintiffs owe $208,740.66 that is now due  and owing on principal, plus interest from and after April 1, 2009, and title search expenses for ascertaining necessary parties to this action."  *See* Exhibit "A" at ¶ 6.

40.     Defendant's Notice would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

## COUNT I-VIOLATION OF FDCPA: 15 USC 1692(e)(10)

41.     Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 40.

42.     15 U.S.C. §1692e(10) states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e(10)

43.     The Notice contained false, deceptive and misleading representations in connection with the collection of a debt in that it misstates the applicable legal standard with regard to the presumption of validity as pronounced by section 1692g(a)(3) of the FDCPA by

*FD-2079*

adding a "writing" requirement; omitting the "writing" requirement as set forth in by section 1692g(a)(5); states that the amount of the debt is provided in the Complaint, when in fact, it is not; and misrepresents the name of the creditor of Plaintiff's mortgage loan

44.     Defendant's Notice is especially troubling because it was attached to a complaint for foreclosure. Pursuant to Fla. R. Civ. P. 1.140, the complaint required a written response. By stating that dispute must be in writing, a consumer may easily be led to believe that his/her written dispute to the law firm is a sufficient response to the complaint.

45.     Alternatively, by stating that the dispute must be in writing, a consumer may easily be led to believe that the written dispute is a sufficient written response to the Court.  The Court may very likely deem the written dispute letter an Answer. Once a consumer has filed an Answer, they have waived many of their legal rights, including but not limited to: (1) the right to contest service of process; (2) the right to seek a more definite statement; (3) the right to file a motion to dismiss; and (4) the consumer is consequently more vulnerable to any attempted summary judgment motion filed by defendant. In sum, the Notice included with the Complaint would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently violates 15 U.S.C. §1692e(10).

46.     Defendant's Notice would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

47.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated 15 U.S.C. §1692e(10).

48.     Plaintiffs have hired Loan Lawyers, LLC, to represent them in this action and has agreed to pay a reasonable attorney's fee.

*FD-2079*

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against Defendant ALDRIDGE for statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiffs, PATRICIA FREIRE AND CHRISTIAN FREIRE, hereby demand a trial by jury of all issues so triable.

Respectfully Submitted,

 /s/ *Yechezkel Rodal*
YECHEZKEL RODAL, ESQ.
FBN: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*s
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:      (954) 523-4357
Facsimile:      (954) 581-2786
e-mail:      chezky@floridaloanlawyers.com

*FD-2079*