IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.: 13-cv-62069-Hurley/Hopkins

PATRICIA FREIRE and CHRISTIAN FREIRE,

    Plaintiffs,

vs.

ALDRIDGE CONNORS, LLP,

    Defendants.

_____/

## DEFENDANT, ALDRIDGE CONNORS, LLP'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendant, ALDRIDGE CONNORS, LLP (hereinafter referred to as "Aldridge Connors"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 56, hereby files and serves this Motion for Summary Judgment against the claim raised by the Plaintiffs, PATRICIA FREIRE and CHRISTIAN FREIRE, (hereinafter referred to as "Plaintiffs"), and hereby states as follows and would show:

### I. INTRODUCTION

1. The Plaintiffs have filed a one count complaint against Aldridge Connors for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Specifically, the Plaintiffs' Complaint, filed September 23, 2013, alleges that Aldridge Connors is a debt collector and has allegedly violated 15 U.S.C. §§ 1692e and 1692e(10), in that the FDCPA notice attached to a mortgage foreclosure complaint, filed September 18, 2012, in state court, purportedly contained false, deceptive and misleading representations in connection with the collection of a debt.

2. Aldridge Connors brings this, their Motion for Final Summary Judgment as to the claim of the Plaintiffs raised in this action. Summary judgment should be granted in this case because there is no genuine issue of material fact that the Plaintiffs' claim is

barred by the requisite statute of limitations on claims to be brought under the FDCPA, and Aldridge Connors is entitled to judgment as a matter of law.

## II. UNCONTROVERTED FACTS

3. On or about September 18, 2012, Aldridge Connors filed a mortgage foreclosure complaint in state court against the Plaintiffs, PATRICIA FREIRE and CHRISTIAN FREIRE ("Aldridge Connors' complaint").[1] *(D.E. 1, Exhibit 'A')*.

4. On or about September 23, 2013, Plaintiffs filed a one count Complaint against Aldridge Connors for alleged violations of the Fair Debt Collections Practices Act, relative to a document attached to Aldridge Connors' complaint against the Plaintiffs titled 'Notice Required by the Fair Debt Collection Practices Act' ("Notice"). *(D.E.1, Exhibit 'B')*.

## III. LEGAL STANDARD

5. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

6. A fact is material only when its resolution affects the outcome of a case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). On a motion for summary judgment, all evidence and inferences are viewed in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324.

7. If a plaintiff cannot support each essential element of her claim, summary judgment must be granted because a complete failure of proof regarding an essential

---

[1] Exhibit A of the Plaintiffs' Complaint which is the Foreclosure Complaint filed by Aldridge Connors has a stamp from the Clerk of Court of Broward County, indicating the filing date of the Foreclosure Complaint as September 18, 2012.

element necessarily renders all other facts immaterial. Id. at 322-23.  On the Plaintiffs' claim, Aldridge Connors is entitled to judgment as matter of law.

## IV.     MEMORANDUM OF LAW

### A. Aldridge Connors is entitled to Final Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as Plaintiffs' claims are time-barred by § 1692k(d)

Plaintiffs' claims under 15 U.S.C. §§ 1692e and 1692e(10) are time-barred as Plaintiffs filed them outside of the one-year time period as proscribed by 15 U.S.C. § 1692k(d).  Under 15 U.S.C. § 1692k(d) of the FDCPA:

*"An action to enforce any liability created by this subchapter [15 U.S.C. §§ 1692 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, **within one year from the date on which the violation occurs.**"*

In the instant action, Plaintiffs' complaint alleging FDCPA violations was filed on September 23, 2013.  However, the underlying mortgage foreclosure action filed by Aldridge Connors with the attached Notice, in state court, in which Plaintiffs' complaint is grounded, was filed on September 18, 2012.  Plaintiffs' complaint is therefore time-barred pursuant to 15 U.S.C. § 1692k(d), providing that such an action must be brought "within one year from the date on which the violation occurs." Specifically, the limitations period begins to run on a FDCPA claim on the date of an alleged violation, not on the date the alleged violation is discovered. Zenon v. Palisades Collection, LLC, No. 8:07-cv-21198-T-30MAP, 2008 WL 506231 at *1 (M.D.Fla. Feb.21, 2008).  Based on Plaintiffs' lawsuit being filed more than one year after the purported FDCPA violation occurred, the date that Aldridge Connors filed the lawsuit with the Notice at issue in this action, final summary judgment should be granted in favor of Aldridge Connors.

### B. For purposes of violations alleged under § 1692, the statute of limitations begins to run on the date the purported violation occurs, which in this action would be the date of the filing of the Aldridge Connors' complaint

3

An action for an alleged violation of the FDCPA accrues, for statute of limitation purposes, on the date the complaint including the alleged violation is filed. See Naas v. Stolman, 130 F.3d 892 (9th Cir. 1997) (where the Ninth Circuit held the statute of limitations on a FDCPA action begins on the date in which the complaint with the alleged violation is filed); see also Maloy v. Phillips 64 F.3d 607, 608 (11t. Cir. 1995) (where the Eleventh Circuit held that the date debt collection letter was mailed, not received, was the applicable date for statute of limitation purposes); see also Zenon v. Palisades Collections, LLC, 2008 WL 506231 (M.D. Fla. Feb. 21, 2008), where the court held that the limitations period begins to run on a FDCPA claim on the date of an alleged violation, not on the date it was discovered; citing Cooper v. F.A. Management Solutions, Inc., 2007 WL 4326800 *4 (M.D. Fla. Dec.7, 2007) (citing Maloy v. Philips, 64 F.3d 607, 608 (11th Cir.1995), rehearing, en banc denied, 72 F.3d 890 (11th Cir.1995) see also Collins v. Erkin Capital Mgmt., LLC, 290 F.R.D. 680, 2013 WL 1164026, at *19 (S.D. Fla. Mar. 21, 2013) (where the court held consumer's cause of action under the FDCPA accrued, and one-year limitation period began to run, when debt collector initiated garnishment proceeding against consumer).

In Phillips v. Maloy, supra, the issue presented was whether the statute of limitations began to run upon the mailing of the alleged debt collector's demand letter or upon receipt by the party claiming a violation. The Eleventh Circuit held that the applicable date was the date the letter was mailed. The Court reasoned that the date the letter was mailed was the alleged debt collector's last opportunity to comply with the mandates of the FDCPA. Id. at 608. Thus, in accordance with the language of 15 U.S.C. § 1692k(d), the triggering event for the statute of limitations is the date the purported FDCPA violation takes place; which occurs when the alleged debt collector no longer has the right to comply with the FDCPA requirements. Id. at 608.

Further, in Naas v. Stolman, supra, the Ninth Circuit held that the date of filing the complaint is the appropriate juncture to trigger the statute of limitations for 15 U.S.C. § 1692k(d) reasoning that, amongst other considerations, the filing date is easily ascertainable, fixed and a visible standard. Id. at 893.

Additionally, in Hinds v. Credigy Receivables, Inc., 2008 WL 5381345, *6 (M.D.Fla. Dec. 23, 2008), the district court opined that "the date the action was

4

commenced is the date the statute of limitations began to run" in regards to 15 U.S.C. § 1692k(d).

Conversely, the Tenth Circuit in Johnson v. Riddle, 305 F.3d 1107 (10th Cir.2002), rejected the argument that the violation occurred upon filing rather than upon service. Id. at 1113. The court stated, "where the plaintiff's FDCPA claim arises from the instigation of a debt collection suit, the plaintiff does not have a 'complete and present cause of action,' and thus no violation occurs within the meaning of § 1692k(d), until the plaintiff has been served." Id. In two unpublished opinions, Perez v. Bureaus Inv. Group No. II, LLC, 2009 WL 1973476, at *3 (S.D. Fla. July 8, 2009) and Andrade v. Erin Capital Mgmt. LLC, 2010 WL 1961843 at *4-5, (S.D. Fla. May 17, 2010), the district courts held that the date of service is the date the statute of limitations begin to run for FDCPA actions. In Perez, the district court said "[T}he Eleventh Circuit has not held whether filing or service triggers the statute of limitations period when the underlying violation is a debt collection lawsuit. Based on the Eleventh Circuit's adoption of the Mattson approach in Maloy, I conclude that service, not filing, constitutes the violation and triggers the statute of limitations period. I find the approach and rationale of the Tenth Circuit persuasive, and adopt the same."

Despite the holdings in Perez and Andrade, the Eleventh Circuit's decision in Malloy appears to be more in line with the Ninth Circuit in Naas, supra. In fact, more recent case law has been on the side of triggering the statute of limitations upon the filing of the debt collection activity. See Collins v. Erkin Capital Mgmt., LLC, 290 F.R.D. 680, 2013 WL 1164026, at *19 (S.D. Fla Mar. 21, 2013), where the district court following Naas ruled that for purposes of the statute of limitations, the "legal action on a debt" triggers the beginning of the one-year limitation period. Id. at *19 citing Blakemore v. Pekay, 895 F.Supp. 972, 983. (N.D.Ill.1995)(quoting Oglesby v. Rotche, 1993 WL 460841 (N.D.Ill.1993).

In light of the holdings in Maloy, Nass and Collins, the Court should deem Plaintiffs' claims as time-barred pursuant to §1692k(d).

In the case at bar, the Plaintiffs did not file the instant action until September 23, 2013, more than one year after the filing of the Aldridge Connors' complaint with the Notice which is the basis alleged FDCPA violation occurred.

5

Accordingly, Aldridge Connors' Motion for Summary Judgment should be granted as there exists no genuine issue as to any material fact that Plaintiffs' claim is time barred and Aldridge Connors is entitled to a judgment as a matter of law.

**WHEREFORE**, Defendant, Aldridge Connors LLP, requests the Court to grant its Motion for Summary Judgment and any such other and further relief as this Honorable Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 27th day of December, 2013, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day to all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing system.

STEVEN C. RUBINO, ESQ.
ALDRIDGE CONNORS, LLP
1615 South Congress Avenue
Suite 200
Delray Beach, Florida 33445
Telephone: (561) 288-8927
Facsimile: (561) 392-6965
Primary E-Mail: srubino@aclawllp.com
Secondary E-Mail: blaiacona@aclawllp.com

By: /s/ Steven C. Rubino
**STEVEN C. RUBINO, ESQ.**
**Florida Bar Number: 108170**

**Service List**:
Yechezkel Rodal, Esq.
Loan Lawyers, LLC
377 N. State Road 7
Suite # 202
Plantation, Florida 33317
**Primary e-Mail: chezky@floridaloanlawyers.com**
**Secondary e-Mail: juana@floridaloanlawyers.com**