UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-CV-62069-HURLEY/HOPKINS

PATRICIA FREIRE AND CHRISTIAN FREIRE,

        Plaintiffs,

vs.

ALDRIDGE CONNORS, LLP,

        Defendant.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

COME NOW, Plaintiffs, PATRICIA FREIRE AND CHRISTIAN FREIRE, ["Plaintiffs"] and pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L. R. 56.1, hereby respond to Defendant ALDRIDGE CONNORS, LLP's ["ALDRIDGE"] Motion for Summary Judgment, and respectfully request this Honorable Court enter an Order denying the relief sought by Defendant. In support of their Motion, Plaintiffs submit the incorporated memorandum of law.

### I. INTRODUCTION

The action before this Court arose from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA"). These laws prevent respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices. Specifically, Plaintiffs seek the remedies as provided in the FDCPA for Defendant's false, deceptive, and misleading representations made in connection with the collection of Plaintiffs' alleged debt.

### II. BACKGROUND

Defendant was retained to pursue a foreclosure action against Plaintiffs in the Circuit

Court in and for Broward County. In the process of collecting on said debt, Defendant delivered to Plaintiff a notice attached to the foreclosure complaint ("The Foreclosure") entitled "Notice Required By the Fair Debt Collection Practices Act" ("The Notice"), which contained false, deceptive, and misleading representations [D.E. 1-2]. In their one-count Complaint, Plaintiffs seek redress under 15 U.S.C. 1692e(10) which prohibits debt collectors from using false, deceptive, and misleading representations in an attempt to collect on a debt. Specifically, Plaintiffs alleged that the Notice violates the FDCPA in *four* distinct ways: 1) it states that the amount of the debt is provided in The Foreclosure Complaint, when in fact, it is not; 2) it misstates the name of the creditor of Plaintiffs' mortgage loan; 3) omits the "writing requirement" to obtain the name of the original creditor; and 4) the Notice states that a dispute of the debt must be in writing. [D.E. 1].

### III. RESPONSE TO DEFENDANT'S UNCONTROVERTED FACTS

3. Plaintiffs do not dispute the facts in paragraph 3.

4. Plaintiffs do not dispute the facts in paragraph 4.

### IV. MEMORANDUM OF LAW

#### A. Standard of Review

A motion for summary judgment pursuant to Rule 56 may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant first "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "After the moving party has met the initial burden of showing that there is no genuine issue of material fact to be decided by trial, the burden shifts to the nonmoving party to demonstrate that there is a material issue of fact at trial. Matsushita *Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 585-86 (1986). The court then must decide "whether the evidence presents a sufficient disagreement to require submissions to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp. v. N. Crossarm Co., 357 F. 3d 1256, 1260 (11th Cir. 2004).

### A. Defendant's Motion for Summary Judgment

In its Motion, Defendant raises only one issue—that Plaintiff's cause of action is time barred under the FDCPA's one-year statute of limitations. *See* 15 U.S.C. 1692k(d). The facts relevant to this issue are the date the foreclosure action was filed—September 18, 2012, and the date the foreclosure complaint was served upon the Plaintiffs—September 21, 2012. The instant matter was filed on September 23, 2013[1]. There are no material questions of fact in dispute before the Court on this Motion. The instant action was filed one year from the service of the foreclosure complaint which is the basis of the FDCPA claim. The question before this Court is whether the statute of limitations began to run upon the filing of the foreclosure complaint or upon service of same. If the Court finds that the cause of action accrued the day Defendant filed the foreclosure action—Plaintiffs' claims are barred. Conversely, if the Court finds that the cause of action accrued the day Plaintiffs were served with the foreclosure papers—Plaintiffs' claims survive.

The cases that Defendant cites almost exclusively deal with FDCPA causes of actions that arose from the actual filing of the complaint. In other words, in those cases, the actual filing was the violation. In the instant matter, the foreclosure filing itself did not violate the FDCPA. It was when the Notice attached to the foreclosure complaint was served on the Plaintiffs that the cause of action first accrued. Moreover, even if Defendant's cases are on point, Defendant's

---

[1] September 23, 2013 was a Monday so this action would be within the one-year time-frame from September 21, 2012 as September 21, 2013 was a Saturday.

position is simply not supported in the Eleventh Circuit.

### B. The claim is not time barred.

#### a. The filing of the foreclosure is not the basis of Plaintiffs' claims

The cases cited to by Defendant almost exclusively with an FDCPA claim that arose out the actual filing of a complaint. Defendant's argument is based upon the erroneous conclsuion that Plaintiffs' cause of action accrued upon the filing of the foreclosure complaint. [D.E. 15 at 3]. The violation alleged in this matter is that Defendant communicated false information to Plaintiffs in the FDCPA notice which was attached to the foreclosure complaint. [D.E. 1-2] To state the obvious, the communication occurred when Plaintiffs were communicated to, i.e. served. To put it simply, of the numerous misrepresentations contained in the Notice, the most egregious is that Defendant identified the creditor of Plaintiffs' alleged debt as Bank of America, when in truth, the creditor is Federal Home Loan Mortgage Corporation ("Freddie Mac"). *See* Complaint, D.E. 1, at ¶¶ 33-36.

If Defendant had posted signs in its office that Bank of America was the creditor of Plaintiffs' loan and Plaintiffs never knew about the signs, Plaintiffs would not have their current cause of action which is based upon the false information that was communicated to them in an attempt to collect upon a debt. It is no different because Defendant filed the information with the Clerk of Courts. At that time, there was no misrepresentation communicated to the Plaintiffs. The cases relied upon by Defendant are all distinguishable based upon this point. The cases mostly deal with debt collectors filing lawsuits when they were not permitted to. In those cases, when the debt collector filed the complaint with the Clerk of Courts, it took an action that was not permitted, whether it communicated that action or not. The debt collectors sought relief from a judicial process they were not entitled to, in violation of the FDCPA. The facts here are completely inapposite.

Defendant first looks to support from Zenon v. Palisades Collection, LLC, 2008 WL 506231 (M.D. Fla. 2008). Plaintiffs first note that the plaintiff in that case failed to even respond to the motion to dismiss. In any event, there, the cause of action was based upon a lawsuit filed to recover a debt for which the plaintiff claimed he had already paid. Id. at *1.

The Zenon court dismissed the action because "[t]he alleged misconduct of Palisades and the misrepresentation of Plaintiff's debt culminated in the filing of the lawsuit on May 3, 2006, by Erskine & Fleisher. The one year limitation period began run when the lawsuit was filed." Id. "Plaintiff has failed to respond to the instant motion, and thus appears to have conceded that the statute of limitations has run on his FDCPA claims". Id. Here, there is no claim that Defendant misrepresented the debt or that there was any violation in the actual filing of the foreclosure. It is the language in a notice that was communicated to the Plaintiffs when the foreclosure was served upon them.

Similarly, in Naas, the "action [arose] from a state court debt collection suit brought against the Naases by NBF". Naas v. Stolman, 130 F.3d 892 (9th Cir. 1997). In fact, the Ninth Circuit spelled out the precise issue: "We have never determined at which point the statute of limitations begins to run when the alleged violation of the Act is the filing of a lawsuit". Id. at 893. "The Naases argue unpersuasively that the statute of limitations should run from the day of decision by the Appellate Department of the Superior Court. The alleged violation of the Act was not a reviewing court judgment, but the bringing of the suit itself." Id. As stated above, the instant violation was not the bringing of the suit but the communication of false information which occurred when Plaintiffs were served with the foreclosure papers.

The Ninth Circuit based its rationale on the proposition that "[f]iling a complaint is the debt collector's last opportunity to comply with the Act, and the filing date is easily ascertainable." Id. Here, Defendant could have amended the foreclosure complaint to remove the

5

Notice or not have served the Notice along with the Complaint. As the filing of the foreclosure is not the basis for this action, the filing was not Defendant's last opportunity to comply with the FDCPA. In Naas, for example, even if the collection lawsuit had been amended, the cause of action still would have accrued. Not so here. Further, the date of violation is easily determined by the Affidavit of Service filed in the foreclsoure.

It is also interesting to note that a decade after Nass, the Ninth Circuit seemed to abandon Nass and held that the "discovery rule" applied to FDCPA cases. Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 944 (9th Cir. 2009). "However, the district court erred when it determined that any claim against Bonneville was barred by the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d) on the basis that it was filed more than a year after the alleged "violation" and the discovery rule cannot apply. Because we disagree with the latter proposition, we must reverse." Id.

Magnum is far more analogous to the case at bar as the violation there revolved around communications made to a third party. There, the actual violation occurred on December 8, 2004. Id. at 938. Ms. Magnum first learned of the prohibited communications on December 15, 2004. Id. She filed her complaint on December 14, 2005. Following Defendant's logic, Ms. Magnum's claims should have been barred because they were not brought with one year of when the violation occurred—December 8, 2004. However, the Ninth Circuit did not follow Defendant's logic and applied the "discovery rule".

> All of the above being true, we are required to hold that Mangum did file in a timely fashion. By any account, the first time she discovered (or could have discovered) that her checks had been disclosed to the City was December 15, 2004, when she spoke with Captain Furu, and she filed her action on December 14, 2005—close, but good enough. Therefore, the district court erred, and we must reverse the summary judgment as to Bonneville.

Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 941 (9th Cir. 2009)

The Eleventh Circuit holds no more promise for Defendant. Defendant's reliance on <u>Maloy</u> is also misplaced. <u>Maloy v. Phillips</u>, 64 F.3d 607 (11th Cir. 1995). The question there was whether the violation accrued upon the mailing of a letter or the receipt of the letter. <u>Id.</u> In other words, the question was about one act—the actual communication, whether it was the sending or receiving of the information that triggered the violation. Here, there were two acts: the filing and the serving. Ultimately, the Eleventh Circuit held it was the mailing of the letter that triggered the statute of limitations, relying on <u>Mattson v. U.S. West Communications, Inc.</u>, 967 F.2d 259 (8th Cir. 1992).

In <u>Mattson</u>, The Eighth Circuit held that the "statute of limitations began to run on the date the letter was mailed because that was the debt collector's last opportunity to comply with the FDCPA" and "that using the date of mailing was a better and more practical approach because it provided a date that was easy to determine, ascertainable by both parties, and easily applied". <u>Id.</u> at 261. As stated above, this case is distinguishable in that the filing of the foreclosure action was not Defendant last opportunity to comply with FDCPA. Further, as an affidavit of service is obtained when a lawsuit is served, there is no issue here of determining when Plaintiffs were served. Similarly, <u>Hinds v. Credigy Receivables, Inc.</u>, 2008 WL 5381345 (M.D. Fla. 2008) deals with a cause of action based upon the actual filing of the complaint.

The cases relied upon Defendant are all distinguishable to the instant matter. While in the other cases the causes of action were based upon the filing of the collection lawsuit—here, the cause of action is based upon the communication of false information, not the filing of the foreclosure action. As such, Plaintiffs timely filed this matter from the date they were served with foreclosure papers.

### b. The cause of action accrues upon service—not filing

Even if this Court were to determine that the violation was premised occurred with the

filing of the foreclosure action, the overwhelming authority is that it is service and not filing that triggers the statute of limitations. The Fifth Circuit was the most recent Circuit Court to address this issue in Serna v. Law Office of Joseph Onwuteaka, P.C., 732 F.3d 440 (5th Cir. 2013). In Serna, the law firm filed the lawsuit on July 6, 2010, and served Serna on August 14, 2010. Serna filed his FDCPA action on August 12, 2011. Id. at 442. The court dismissed the case because it was filed more than a year after the underlying debt-collection suit was filed. Id. The Fifth Circuit reversed, finding that "the remedial nature of the FDCPA and the importance of protecting consumers by allowing them to sue under § 1692k(d) compel us to conclude that a violation of § 1692i(a)(2) is not complete until the alleged debtor becomes aware of the debt-collection suit." Id. at 446.

In Serna, the violation was that the underlying debt-collection suit was filed in the wrong venue. The court extensively analyzed when the violation actually occured and determined that it wasn't the filing that was the violation but it was the hardship that arose when the defendant had to defend the action in the wrong venue, i.e., when he was served. Id. at 447. "Filing a pleading alone does not give rise to this hardship. Instead, it is upon receiving notice of a debt-collection suit that the alleged debtor experiences the harm the fair-venue standards sought to remedy because it is then that he must respond to the suit." Id. This is most similar to the instant matter where it is not the filing that was in itself the violation but when Plaintiffs were lied to.

To Defendant's credit, it cites to Johnson v. Riddle, 305 F.3d 1107 (10th Cir. 2002). In Riddle, the underlying collection lawsuit was filed on August 14, 1997, and served on August 24, 1997. The FDCPA action was filed on August 24, 2008. According to Defendant, the suit should have been dismissed as time-barred. However, the Tenth Circuit rejected the "argument that the violation occurred upon filing rather than upon service. We hold that, where the plaintiff's FDCPA claim arises from the instigation of a debt collection suit, the plaintiff does not

8

have a "complete and present cause of action," and thus no violation occurs within the meaning of § 1692k(d), until the plaintiff has been served." Id. at 113, citing Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp., 522 U.S. 192, 201(1997).

Succinctly highlighting Plaintiffs position, the court noted that that "[i]f the debt collector files suit against the FDCPA plaintiff but then elects to call off the process server and abandon the collection suit before the plaintiff has been served, it cannot be said that the abandoned lawsuit constitutes an "attempt to collect" on the debt within the meaning of the FDCPA…" Id.

Moreover, the Tenth Circuit's rationale is so pertinent and sound:

> Furthermore, if the limitations clock began to run with service of process rather than with filing suit, somebody in Riddle's position could effectively block any action under the federal statute by filing suit and then delaying service. In fact, a delay of service for an entire year (so that the debtor remained unaware of the lawsuit during that time) could cause the limitations period to run out before there was any opportunity for the debtor to bring suit under the FDCPA.

Johnson v. Riddle, 305 F.3d 1107, 1114 (10th Cir. 2002)

If this Court were to adopt Defendant's position, debt collectors would be free to withhold service for a year, thus making sure that they could never be sued under the FDCPA. This would impermissibly create a gaping hole in the FDCPA. This was precisely the rationale relied upon by The Honorable Paul C. Huck of the Southern District of Florida:

> The Court rejects the statute of limitations argument for several reasons. First, the Court is persuaded by the rulings in *Perez v. Bureaus Inv. Group No. II LLC*, No. 1:09–CV–20784, 2009 WL 1973476 (S.D. Fla. July 8, 2009) and *Greenfield v. Kluever & Platt LLC*, No. 09–C–3576, 2010 WL 604830, * 1–2 (N.D.Ill. Feb.16, 2010) that the statute of limitations under the Act does not begin to run until the plaintiff knew or should have known of the defendant's violation of the Act. As the Greenfield court noted, unless a statute says otherwise, federal courts will not imply a rule under which the statute of limitations runs even if the prospective plaintiff has no reason to know that he might have a claim against another party. *Greenfield*, 2010 WL 604830 at *2. From a practical and fairness-oriented standpoint, this is the better view because the contrary view—that the statute of limitations runs from the filing of the debt-collection lawsuit that is the predicate of the

9

> violation of the Act, regardless of the debtor's knowledge of that lawsuit—would encourage unscrupulous debt collectors to hide their lawsuit from debtors and thereby shield themselves from liability under the Act. Second, even if the Court accepted the Defendant's argument regarding the statute of limitations, the Court would conclude that this is an instance in which equitable tolling of the statute of limitations is appropriate because the Plaintiff was unaware that her rights had been violated. See *Booth v. Carnival Corp.*, 510 F.Supp.2d 985, 988 (S.D. Fla.2 007) (setting forth three grounds under which equitable tolling is available).

Andrade v. Erin Capital Mgmt. LLC, 2010 WL 1961843 at *1 (S.D. Fla. 2010)

Many other courts have followed this rationale and held that the statute of limitations begins running upon service rather than filing for purposes of the FDCPA. *See* Duffey v. Pope, 2012 WL 4442753 (S.D. Ohio 2012); Langendorfer v. Kaufman, 2011 WL 3682775 (S.D. Ohio 2011)(collecting cases); Bynes v. Liberty Acquisitions Servicing, LLC, 2012 WL 6962888 (D. Colo. 2012); Zigdon v. L VNV Funding, LLC, 2010 WL 1838637 (N.D. Ohio 2010); Polinsky v. Cmty. Health Partners Reg'l Health Sys., 858 F. Supp. 2d 891, 896 (N.D. Ohio 2012)("where the plaintiff's FDCPA claim arises from the instigation of a debt collection lawsuit, the statute of limitation accrues on the date of service").

It is true that the Eleventh Circuit has not yet spoken on this issue. However the majority of Circuit and District courts that have—all concluded that the statute of limitations begins running upon service and not filing even where the cause of action is based upon the filing of the lawsuit. This Court should join the vast majority of its sister courts and find that the instant action was timely filed within one-year of the date Plaintiff's were served with the foreclosure papers.

## CONCLUSION

The Plaintiffs' cause of action under the FDCPA did not accrue until they were communicated with through the service of the foreclosure complaint which contained the Notice and its false information. This action is not based upon the filing of the foreclosure complaint.

Even if the Court finds that the filing of the foreclosure was the violation, the majority of courts have held that the statute of limitations begins running upon service and not filing. For the reasons discussed above, Plaintiffs, PATRICIA FREIRE AND CHRISTIAN FREIRE, respectfully request this Honorable Court deny Defendant's Motion for Summary Judgment, and grant such other relief as is just and proper.

       Respectfully submitted,

       LOAN LAWYERS, LLC
       *Attorneys for Plaintiff*
       377 North State Road 7, Suite #202
       Plantation, FL 33317
       Telephone: (954) 523-4357
       Facsimile: (954) 581-2786

  By: s/Yechezkel Rodal_____
     YECHEZKEL RODAL ESQ.
     FBN 091210

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on January 21, 2014 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.


Steven C. Rubino, Esq.
Aldridge Connors, LLP
7000 W. Palmetto Park Rd. Ste. 307
Boca Raton, FL 33433
Counsel for Defendant ALDRIDGE
Service by CM/ECF

                                            LOAN LAWYERS, LLC
                                            *Attorneys for Plaintiff*
                                            377 North State Road 7, Suite #202
                                            Plantation, FL 33317
                                            Telephone:    (954) 523-4357
                                            Facsimile:     (954) 581-2786


                                            /s/Yechezkel Rodal_____
                                            YECHEZKEL RODAL ESQ.
                                            FBN 091210
                                            E-Mail: chezky@floridaloanlawyers.com