UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62069-CV-HURLEY/HOPKINS

PATRICIA FREIRE and
CHRISTIAN FREIRE,

    Plaintiffs,

v.

ALDRIDGE CONNORS, LLP,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Aldridge Connors, LLP's Motion to Dismiss Plaintiff's Complaint [ECF No. 9]. The question presented is whether a notice attached to a civil complaint which seeks both to demand payment on a note and to foreclose a mortgage is a communication actionable under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692–1692p. For the reasons stated below, the Court holds that it is.

### I.  BACKGROUND

Plaintiffs Patricia and Christian Freire executed a promissory note secured by a mortgage on their home. After Plaintiffs defaulted, Bank of America, N.A. hired Defendant Aldridge Connors, LLP, a law firm, to collect the amount Plaintiffs owed on the note and, if necessary, foreclose the mortgage. On or about September 21, 2012, Defendant served Plaintiffs with a foreclosure complaint in Florida state court. The complaint sought for the court to "ascertain the amount due Plaintiff for principal and interest on the Note and Mortgage." The complaint prayed "that if the sums due Plaintiff under the Note and Mortgage are not paid immediately, the Court foreclose the Mortgage and the Clerk of the Court sell the Property securing the

indebtedness to satisfy Plaintiff's mortgage lien . . . ." The complaint also prayed "that the Court retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper, including . . . the entry of a deficiency decree . . . ."

Defendant attached a notice to the foreclosure complaint, titled "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692(G) ET SEQ., AS AMENDED." The notice names Bank of America as Plaintiffs' creditor and states that, unless Plaintiffs dispute their debt *in writing* within 30 days of the notice's receipt, the creditor's law firm will presume their debt valid.

Plaintiffs' FDCPA complaint alleges that the notice Defendant attached to its civil complaint contains falsehoods. First, the notice misidentifies the creditor as Bank of America. Plaintiffs, however, contend their creditor is the Federal Home Loan Mortgage Association. Second, the notice states that to dispute the amount owed, there must be a response "in writing." In fact, however, the FDCPA does not require a dispute to be in writing. Finally, Plaintiffs contend that by serving the notice, with its own timeline, in conjunction with the complaint and summons, with differing timelines, Defendant has provided contradictory and misleading information.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim upon which relief can be granted. To state such a claim, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, the court must accept all the plaintiff's factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For the purpose of Rule 12(b)(6), the court considers exhibits

attached to the complaint as part of the complaint. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### III. DISCUSSION

To state a claim under the Fair Debt Collection Practices Act, a plaintiff must allege that "(1) [he or she] has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009); *Boosahda v. Providence Dane LLC*, 462 Fed. App'x 331, 333 n.3 (4th Cir. 2012). Under 15 U.S.C. § 1692e(10), such an act or omission includes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

#### A. DEBT COLLECTION ACTIVITY

The parties dispute whether the filing of a civil complaint, which seeks collection of a note and foreclosure of a mortgage, constitutes a debt collection activity. Defendant argues that an action to foreclose a mortgage is an action to enforce a security interest, not an action to collect a debt. Plaintiff argues that the state court complaint has dual goals, one of which, collection on the note, brings it within the ambit of the FDCPA. The Court agrees with Plaintiffs, and finds that Plaintiffs have been the object of debt collection activity.

While the Sixth Circuit in *Glazer v. Chase Home Finance LLC*, 704 F.3d 453 (6th Cir. 2013), has jettisoned the distinction between a promissory note and a security interest, holding that "mortgage foreclosure is debt collection under the [Fair Debt Collection Practices] Act," the Eleventh Circuit adheres to a more traditional approach. In *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012), the court contrasted the distinction between these

two legal concepts and held that a promissory note is a "debt" within the plain meaning of the FDCPA.  Therefore, in the Eleventh Circuit, the filing of a mortgage foreclosure action will constitute debt collection activity only when the complaint seeks also to collect on the note, that is, to "demand[s] payment on the underlying debt."  *See Reese*, 678 F.3d at 1217.

To illustrate, in *Rotenberg v. MLG, P.A.*, 13-cv-22624-UU, 2013 WL 5664886 (S.D. Fla. Oct. 17, 2013), the defendant argued that its foreclosure complaint sought only to enforce a security interest, not to collect a debt.  The court disagreed, finding that because the defendant sought a deficiency judgment for the amount exceeding the collateral, the defendant did, indeed, seek to collect a debt:  "Here, it is clear that Defendant was in part attempting to collect on the underlying debt, as the complaint sought a deficiency judgment, which by definition is granted only when proceeds from a foreclosure sale do not offset the amount owed on the underlying debt."  *Rotenberg*, 2013 WL 5664886, at *2;  *see also Battle v. Gladstone Law Group, P.A.*, No. 12-14458-CIV, 2013 WL 3297552, at *2 (S.D. Fla. June 28, 2013) (finding that the filing of a foreclosure complaint seeking the enforcement of a promissory note constitutes debt collection activity under the FDCPA).

In this case, the foreclosure complaint sought immediate payment of Plaintiffs' note, seeking foreclosure only if Plaintiffs did not immediately pay the sums due.  The foreclosure complaint also requested that the court retain jurisdiction to enter a deficiency decree, if necessary.  Contrary to Defendant's assertion, Defendant's foreclosure may have a "dual purpose," *Reese*, 678 F. 3d at 1218.  Because the foreclosure complaint sought to enforce a promissory note, not solely to enforce a mortgage, and because the foreclosure complaint sought a deficiency judgment, a judgment for an amount beyond the collateral, Defendant sought to collect a debt, and therefore Plaintiffs were the object of debt collection activity.

4

## B.  DEBT COLLECTOR

Plaintiffs and Defendant next dispute whether Defendant is a "debt collector" under the FDCPA.  Defendant argues that foreclosing a mortgage does not cause it to become a debt collector.  Plaintiff argues that by regularly doing so, it does. Upon review, the Court finds that Plaintiffs have sufficiently alleged that Defendant is, in fact, a debt collector.

It is now beyond dispute that a law firm may be a "debt collector" under the FDCPA. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012).  A "debt collector" is a "person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  A plaintiff sufficiently states that a law firm is a debt collector if it shows that the firm "regularly engages in consumer-debt-collection . . . litigation," *Battle v. Gladstone Law Group*, No. 12-14458-CIV, 2013 WL 3297552, at *2 (S.D. Fla. June 28, 2013) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 299 (US 1995)), that the firm works for a company to whom it believes the plaintiff owes a debt, and that the law firm had "specific information" about the plaintiff's debt, *see id.* (quoting *Mellentine v. Ameriquest Mortgage Co.*, 515 Fed. App'x 419, 424 (6th Cir. 2013)).

Plaintiffs have sufficiently pled that Defendant is a debt collector.  To show that Defendant regularly engages in consumer-debt-collection litigation, Plaintiffs reproduce a portion of Defendant's website where Defendant represents that "the Firm's attorneys have extensive experience in the following foreclosure related areas: Payment Disputes . . . and Deficiency Actions."   Plaintiffs also allege that Defendant "regularly prepares Final Judgments of Foreclosure in cases in which it serves as foreclosure counsel, which, in addition to enforcing a security instrument, also declare a judgment for a specified amount of money due in principal, interest and fees."  Next, Plaintiff alleges that Bank of America hired Defendant to collect

Plaintiffs' debt, and, finally, that Defendant filed a foreclosure complaint against Plaintiffs with a specific amount due, *see Battle*, 2013 WL 3297552, at *2 (holding that to file a complaint seeking the enforcement of a promissory note secured by a mortgage, a law firm must necessarily have "specific information" about a customer's mortgage debt). Plaintiffs, therefore, have sufficiently pled that Defendant is a debt collector.

## C.  VIOLATION OF THE FDCPA

Finally, Plaintiffs and Defendant dispute whether the Defendant's notice was "deceptive," in violation of 15 U.S.C. § 1692e(10). The Court finds that Plaintiffs have sufficiently alleged that it was.

A debt collector's communication violates § 1692e of the FDCPA if it would be deceptive to the "least-sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F. 3d 1185, 1194 (11th Cir. 2010). Courts closely examine a communication attached to a foreclosure complaint because of the potential for inconsistency between the consumer's rights under the notice and his or her obligations under the summons. *See Lewis v. Marinosci Law Group, P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *3 (S.D. Fla. Oct. 29, 2013) (finding that a notice stating that the consumer must file a written response within 30 days is deceptive because it could "overshadow the time frame necessary to file a response with the Court as explained in the summons"); *Battle v. Gladstone Law Group, P.A.*, No. 12-14458-CIV, 2013 WL 3297552, at *4 (S.D. Fla. June 28, 2013) ("The 'least sophisticated consumer' could be deceived or confused when the summons set out a 20-day deadline to respond to the lawsuit and the attached notice provides for a 30-day deadline to request validation of the debt."). A notice attached to a foreclosure complaint may deceive the least-sophisticated consumer when it misidentifies the consumer's creditor and incorrectly implies that the consumer must dispute his or her debt in

6

writing. *See Johnstone v. Aldridge Connors, LLP*, No. 13-61757-CIV, 2013 WL 6086049, at *3 (S.D. Fla. Nov. 20, 2013).

In the present case, Plaintiffs allege that the notice contained two false representations. First, the notice misidentified Plaintiff's creditor. Second, the notice misstated Plaintiffs' rights under the FDCPA, imposing upon them a writing requirement not mandated by the FDCPA. Furthermore, Plaintiffs allege that the disparate timelines in the notice and the summons could potentially mislead a consumer. By confusing the deadlines, or by disputing the debt and not responding to the complaint, a consumer may inadvertently waive valuable legal rights.

Defendant, by titling its notice as it did, appears to have been striving to comply with its perceived duties under the FDCPA. It was, however, in error. A debt collector must only provide a notice after an "initial communication" with a consumer. Both the statute and case law clearly establish that the filing of a civil complaint does not constitute such an initial communication. *See* 15 U.S.C. § 1692g(d); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 575, 605 n. 22 (2010). Nonetheless, having provided such a notice, Defendant must ensure that it provides accurate and clear information. That it did not is the thrust of Plaintiffs' complaint. Upon review, the Court agrees with Plaintiffs, and finds Defendant's notice, albeit gratuitously provided, could be deceptive to the least sophisticated consumer.

## CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED** and **ADJUDGED** that:

Defendant Aldridge Connors, LLP's Motion to Dismiss Plaintiff's Complaint [ECF No. 9] is **DENIED**.

Case 0:13-cv-62069-DTKH   Document 22   Entered on FLSD Docket 02/04/2014   Page 8 of 8
Order Denying Defendant's Motion to Dismiss
*Freire et al., v. Aldridge Connors, LLP*, No. 13-62069-CV

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 4th day of February, 2014.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*

Case 0:13-cv-62069-DTKH   Document 22   Entered on FLSD Docket 02/04/2014   Page 8 of 8
Order Denying Defendant's Motion to Dismiss
*Freire et al., v. Aldridge Connors, LLP*, No. 13-62069-CV

8

For updated court information, visit unofficial webpage at http://www.judgehurley.com